IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

RICKY D. WOODRUFF,
    Plaintiff,

v.

SARAH MILLER,
    Defendant.

Case No. 4:23-cv-04174-JEH

**Order**

    Plaintiff Ricky Woodruff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendant Sarah Miller violated his First Amendment rights by allegedly tampering with his outgoing mail to federal, state, and local elected officials between July and September 2023 at the Rushville Treatment and Detention Facility. (Doc. 9). This matter is now before the Court on Defendant's Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). (Doc. 29). For the reasons stated *infra*, Defendant's Motion is GRANTED.

**I**

    On March 24, 2025, Defendant mailed Plaintiff her First Set of Interrogatories and First Requests for Production of Documents. (Doc. 21). On April 22, 2025, the Court received a letter from Plaintiff with five exhibits enclosed. (Doc. 25). On May 20, 2025, the Court granted Defendant's Motion for Extension of Time to Complete Discovery and extended the discovery deadline by sixty days to give Defendant time to receive and review Plaintiff's responses to her discovery requests before deposing Plaintiff. The same day, defense counsel contacted Plaintiff by telephone to confer about the status of his responses to her discovery

requests. (Doc. 29 at ¶ 6). When defense counsel informed Plaintiff she would file a Motion to Compel if he did not respond, Plaintiff abruptly ended the call. *Id.* Defense counsel called Plaintiff's facility but was informed that he declined to continue their conversation. *Id.*

On May 21, 2025, Defendant filed a Motion to Compel asking the Court to compel Plaintiff to respond to her discovery requests. (Doc. 27). Defendant attached a copy of the envelope in which her discovery requests were mailed as an exhibit. (Doc. 27-1). The envelope includes Plaintiff's signature and the date of March 31, 2025, confirming the receipt of Defendant's discovery requests. *Id.*

On May 22, 2025, the Court granted Defendant's Motion to Compel and extended Plaintiff's deadline to respond Defendant's discovery requests to June 5, 2025. The Court warned Plaintiff that failure to comply would result in the dismissal of this case with prejudice.

On June 3, 2025, Plaintiff filed a Motion for Extension of Time to Complete Discovery. On June 4, 2025, the Court granted Plaintiff's motion and directed him to respond to Defendant's discovery requests by August 5, 2025.

On July 22, 2025, Defendant received a letter from Plaintiff, which stated: "As of today this is all the discovery I have." (Doc. 29-1). Enclosed were the same five exhibits that Plaintiff previously provided on April 22, 2025. *Id.* On August 7, 2025, defense counsel conferred with Plaintiff via telephone to inquire about the status of his responses to her discovery requests. (Doc. 29 at ¶ 12).

On August 8, 2025, Defendant filed a Motion for Sanctions. (Doc. 29). Defendant states she has not received any response to her First Set of Interrogatories or a proper response to her First Set of Requests for Production. *Id.* at ¶ 13. Plaintiff's response to Defendant's Motion for Sanctions was due by August 22, 2025, but no response was filed.

II

A complaint may be dismissed as a sanction under Rule 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *See Watkins*, 405 F. App'x at 44; *see also Williams v. Wahner*, 714 F. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal … would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Additionally, Rule 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Seventh Circuit explained, "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the order and expeditious disposition of cases." *3 Penny Theater v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal citations omitted).

III

This case has been at a standstill for over four months due to Plaintiff's failure to respond to Defendant's discovery requests. Discovery closed on September 4, 2025. Plaintiff's dilatory conduct has delayed this case and forced Defendant to incur additional costs by filing motions to extend the discovery

deadline, motions to compel, and a motion for sanctions. The Court finds that Plaintiff's failure to comply with his discovery obligations is more than inadvertent, isolated, or careless and has caused serious inconvenience to the Defendant. *See Crown Life Ins. Co.*, 995 F.2d at 1382. Plaintiff made no effort to provide any explanation to the Court for the delay in complying with his discovery obligations and did not respond to Defendant's Motion for Sanctions. Plaintiff has demonstrated willfulness, bad faith, and fault by failing to comply with the Court's May 22, 2025 Order and June 4, 2025 Order to respond to Defendant's discovery requests. The only appropriate sanction for Plaintiff's conduct is dismissal of this case with prejudice. FED. R. CIV. P. 37(b)(2)(A)(v); FED. R. CIV. P. 41(b). Therefore, Defendant's Motion for Sanctions is GRANTED. This case is DISMISSED WITH PREJUDICE.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Sanctions [29] is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Clerk is directed to enter judgment and close this case.

2) If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

3) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing

that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: September 5, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge